# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KC TENANTS,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID M. BYRN, in his official capacity as the Presiding Judge for the 16th Judicial Circuit Court, Jackson County, Missouri; and MARY A. MARQUEZ, in her official capacity as the Court Administrator for Jackson County, Missouri,<br><br>  Defendants. | Case No. 4:20-cv-00784-HFS |

## STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA

The United States of America respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517[1] and in response to the Court's request that the Centers for Disease Control and Prevention ("CDC") submit an amicus brief addressing "such issues as CDC deems appropriate." ECF No. 9 at 3. Although the United States takes no position on this particular lawsuit, to which it is not a party, it appreciates the opportunity to provide additional information about the CDC order at issue in this litigation.

---

[1] 28 U.S.C. § 517 provides that "any officer of the Department of Justice[] may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

## BACKGROUND

Federal law authorizes the Secretary of Health and Human Services "to make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession." 42 U.S.C. § 264(a).[2] Under the statute's implementing regulations, where the CDC Director "determines that the measures taken by health authorities of any State or possession (including political subdivisions thereof) are insufficient to prevent the spread of any of the communicable diseases" between or among States, he is empowered to "take such measures to prevent such spread of the diseases as he/she deems reasonably necessary." 42 C.F.R. § 70.2.

On September 4, 2020, to help prevent the further spread of COVID-19, CDC exercised those authorities and issued an order imposing a moratorium on residential evictions of "covered persons" through the end of 2020. *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55292, 55292 (Sept. 4, 2020). The order defines eviction as any action "to remove or cause the removal of" a tenant. *Id.* at 55293. To qualify for protection under the order as "covered persons," tenants must submit a declaration to their landlord under penalty of perjury affirming that they meet seven criteria, including that they are unable to pay full rent due to loss of income or extraordinary medical

---

[2] Although the statute assigns authority to the Surgeon General, Reorganization Plan No. 3 of 1966 abolished the Office of the Surgeon General and transferred all statutory powers and functions of the Surgeon General to the Secretary of Health, Education, and Welfare, now the Secretary of HHS, 31 Fed. Reg. 8855, 80 Stat. 1610 (June 25, 1966), see also Pub. L. No. 96-88, § 509(b), October 17, 1979, 93 Stat. 695 (codified at 20 U.S.C. 3508(b)). The Office of the Surgeon General was re-established in 1987, but the Secretary has retained these authorities.

expenses, are using best efforts to make partial payments, and would experience homelessness or need to move into a shared residence if evicted. 85 Fed. Reg. at 55297.

The order does not alter a tenant's obligation to pay rent or comply with any other contractual obligation. *Id.* at 55294. It also does not prevent evictions of persons who do not qualify as "covered persons," or evictions based on circumstances other than nonpayment of rent, including criminal activity, damage to property, or violation of contractual obligations other than the timely payment of rent. *Id.*

## STATEMENT

The Court's scheduling order observed that one issue in this case "is whether a tenant's CDC declaration alone, which is subject to prosecution for perjury, is intended by the CDC to preclude additional local procedures advancing eviction cases that test tenant qualification for the moratorium." ECF No. 9 at 2. Although the United States takes no position on which party should prevail in this lawsuit, it notes that, since the Court entered its scheduling order, CDC has issued additional guidance addressing this and related issues.

Specifically, on October 9, 2020, CDC (along with the Department of Justice, the Department of Housing and Urban Development, and the Department of Health and Human Services) issued responses to a set of frequently asked questions ("FAQs") concerning the CDC order. *See* HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf (attached hereto as Ex. A). The FAQs state that the CDC order is "not intended to terminate or suspend the operations of any state or local court." *Id.* at 1. They further state

3

that the CDC order is not "intended to prevent landlords from starting eviction proceedings, provided that the actual eviction of a covered person for non-payment of rent does NOT take place during the period of the Order." *Id.* Finally, they state that the CDC order "does not preclude a landlord from challenging the truthfulness of a tenant's declaration in any state or municipal court." *Id.* at 6.[3] Thus, while the United States takes no position in this case, the Court's resolution of this case should be informed by this understanding of the CDC order—which, as the considered view of the agency that issued it less than two months ago, as well as of the agency responsible for its enforcement (i.e., the Department of Justice, *id.* at 1, 7), merits substantial deference.

Dated: October 26, 2020  Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Steven A. Myers
Senior Trial Counsel (NY Bar No. 4823043)

---

[3] The Court's scheduling order noted several other issues in this case, including "the standing of plaintiff" and "the appropriateness of this court's requested role in redirecting State Court proceedings in the manner sought." ECF No. 9 at 2. The United States takes no position on those issues. The Court further noted that Defendants are "free to question [the] validity of the moratorium" as a defense to Plaintiffs' claims. *Id.* The United States of course submits that the order was validly issued, but insofar as no party to this case has suggested otherwise, it respectfully reserves the right to address this issue in the event that Defendants challenge the validity of the CDC order.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-0727
Fax: (202) 616-8470
E-mail: leslie.vigen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: October 26, 2020

*/s/ Leslie Cooper Vigen*