IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KC TENANTS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 20-000784-CV-W-HFS |
| | ) |
| DAVID M. BYRN, in his official capacity as the Presiding Judge for the 16th Judicial Circuit Court, Jackson County, Missouri, | ) |
| | ) |
| MARY A. MARQUEZ, in her official capacity as the Court Administrator for Jackson County, Missouri, | ) |
| | ) |
| *Defendants*, | ) |
| | ) |
| and, | ) |
| | ) |
| HELLA SHRIVER; JAMES GORHAM; NATIONAL ASSOCIATION OF RESIDENTIAL PROPERTY MANAGERS, | ) |
| | ) |
| *Proposed Intervenors-Defendants*. | ) |

**PROPOSED INTERVENORS' SUGGESTIONS IN REPLY TO
DEFENDANTS' AND PLAINTIFF'S RESPONSES IN OPPOSITION
TO MOTION TO INTERVENE (DOCS. 60, 61)**

Proposed Intervenors, Hella Shriver, James Gorham, and the members of the National Association of Residential Property Managers ("NARPM®") are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a). First, Proposed Intervenors have standing. Second, the motion is timely because it was filed within weeks of the Complaint and before the litigation had meaningfully progressed. Third, because Proposed Intervenors have standing, they have a recognized interest in the

1

subject matter of this case. Fourth, Proposed Intervenors' interests will not be adequately protected by the existing parties. Alternatively, they should be permitted to intervene under Rule 24(b) because their participation will provide a unique point of view that will aid the Court in the disposition of this case.

The Centers for Disease Control and Prevention's ("CDC") September 1, 2020 order, entitled "*Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19*," 85 Fed. Reg. 55292 (Sept. 4, 2020), *available at* https://www.govinfo.gov/content/pkg/FR-2020-09-04/pdf/2020-19654.pdf ("CDC Order"), is an unprecedented, unilateral order suspending *state* law under the unsupported premise that doing so was "necessary" to control the COVID-19 pandemic. CDC's sweeping actions are not authorized by statute or regulation. But even if they were, they comprise an historically unheard-of affront to core constitutional limits on federal power.

Defendants did not specifically challenge Proposed Intervenors' standing, their recognized interest in the subject matter of this case, the fact that their interests will not be adequately protected by the existing parties, nor the timeliness of their motion. *See* Doc. 60 at 4-5 (adopting brief of non-party United States of America ("United States") in support of Defendants' argument that "the validity of the CDC Moratorium … is outside the scope of the pleadings in this action[.]") (citing Doc. 41 "generally").[1] Defendants base their challenge on assertions that Proposed Intervenors' motion is outside the scope of the pleadings—it is not.

Plaintiff likewise challenges Proposed Intervenors' motion on the basis that the motion "inject[s] a new constitutional issue" into this matter. Doc. 61 at 6-8. Plaintiff also challenges the

---

[1] Defendants also vaguely allude to "a number of procedural problems with allowing intervention on this issue" and cite to the United States's brief. Doc. 60 at 4-5. To the extent that this vague statement can be construed as adoption of all the other positions and arguments taken by non-party United States, Proposed Intervenors adopt and incorporate their suggestions in reply here. *See* Doc. 56.

motion as untimely, argues that Proposed Intervenors do not have "a legally cognizable interest in the subject matter of the litigation" that will be impaired by the outcome of this matter, and that permissive intervention is not warranted. *See generally id.*

## LEGAL STANDARD

Under Rule 24(a),

> the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Court may also "permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Courts should construe motions to intervene liberally in favor of the proposed intervenors. *Smith v. SEECO, Inc.*, 922 F.3d 398, 405 (8th Cir. 2019).

## ARGUMENT

Proposed Intervenors have responded to most of the arguments made by both parties here in their suggestions in reply to the United States. *See* Doc. 56. In the interest of eliminating needless repetition of arguments, Proposed Intervenors adopt and incorporate their suggestions in reply here and reply only to as-yet unaddressed points or points that require more nuanced attention considering the parties' arguments.

3

## I. PROPOSED INTERVENORS' MOTION IS TIMELY

Timeliness "is a decision within the district court's discretion … and is based on all of the circumstances." *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011) (internal citation omitted). In determining whether a motion is timely, a court should consider: "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *Id.*

Plaintiff argues that Proposed Intervenors' motion is untimely because they filed "almost a month" after the Complaint was filed, while in Plaintiff's estimation "this litigation progressed rapidly." Doc. 61 at 5. Proposed Intervenors' motion is timely. Proposed Intervenors' motion was filed 27 days after Plaintiff's Complaint, and before the litigation had meaningfully progressed. *See Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Daugaard*, 836 F. Supp. 2d 933, 939-40 (D.S.D. 2011) (permitting intervention when "[a]pplicants filed their motion to intervene … a little over a month after the action began and immediately after the court granted plaintiffs' motion for a preliminary injunction"). Proposed Intervenors' motion has not prejudiced the existing parties, because they did not and do not seek to delay any proceedings. Indeed, Plaintiff's motion for preliminary injunction proceeding, which was denied on November 24, 2020, *see* Doc. 63, and the Defendants' pending and fully briefed Motion to Dismiss have proceeded without delay. Assuming Plaintiff's Complaint survives the Motion to Dismiss, this case will proceed on the merits, which, as discussed below, necessarily will require consideration of the constitutional question Proposed Intervenors address—that the CDC Order is invalid.

Plaintiff also argues that Proposed Intervenors "have not justified their delay in attempting to join this action," Doc. 61 at 5, but there was no delay in Proposed Intervenors' actions. Ms. Shriver

4

retained undersigned counsel on October 13, 2020, NARPM retained undersigned counsel on October 14, and Mr. Gorham retained undersigned counsel on October 16, 2020. Collectively, these Proposed Intervenors filed their motion to intervene on October 27, 2020. Between the time that all Proposed Intervenors retained counsel and filed their motion, suggestions in support thereof, and a proposed brief in opposition to Plaintiff's motion for preliminary injunction, a mere 11 days elapsed.

Plaintiff then argues that further delay would be caused by the addition of new parties, "including the United States and the tenants of the proposed Intervenors."[2] Doc. 61 at 5. While this case may require intervention by the United States if Proposed Intervenors' motion is granted, and assuming it exercised its right to intervene, *see* Doc. 41 at 2-3, that would not warrant denial of the motion. "The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995). The existing parties have not been prejudiced by Proposed Intervenors' motion, and denial of the motion as untimely is not warranted.

II. **PROPOSED INTERVENORS' MOTION DOES NOT INJECT A NEW CONSTITUTIONAL ISSUE IN THIS MATTER BECAUSE PLAINTIFF MAY ONLY BE ENTITLED TO RELIEF IF THE CDC ORDER IS LAWFUL, A DETERMINATION WHICH THE COURT MUST MAKE**

Despite Plaintiff's argument to the contrary, Proposed Intervenors do not seek to "inject a new constitutional issue in this matter." Doc. 61 at 6-8.[3] Plaintiff's reliance on *Utah v. United States*, 394 U.S. 89, 96 (1969) and *Vinson v. Washington Gas Light Co.*, 321 U.S. 489 (1944), is misplaced because neither involved a motion to intervene under Fed. R. Civ. P. 24 and both turned on unique procedural

---

[2] Proposed Intervenors have not argued that their tenants are necessary parties. *See* Doc. 37-6 at 18 (raising Plaintiff's "fail[ure] to join necessary parties, housing providers and the CDC" as a defense).
[3] Plaintiff's argument is similar to non-party United States's argument, which Proposed Intervenors replied to at length in their reply and Defendants adopted in their opposition. *See* Doc. 41 at 2; *see also* Doc. 56 at 2-5; Doc. 60 at 4-5.

5

questions or circumstances not at issue here. In *Utah*, an original action in the Supreme Court of the United States, the Court determined that it was "constrained to require the company to seek another forum which may, with greater efficiency, hear and decide its claims" because neither of the "sovereigns directly concerned" raised the issue the prospective intervenor raised in its motion. 394 U.S. at 96. While discussed in terms of intervention, *Utah* is not a Fed. R. Civ. P. 24 case; it is a Fed. R. Civ. P. 19 and statutory intervention case, which are not at issue in this matter. *See Id.* at 95; *see also* Exceptions of Morton International, Inc. to Report of Special Master and Supporting Brief, 1968 WL 112480, *27, *33 (Dec. 11, 1968) (requesting joinder under Rule 19(a) or intervention under PL 89-441). In *Vinson*, the case turned on the fact that intervention in a Commission hearing was governed by the Commission's rules, which specifically stated that, with some exceptions, "granting of a petition to intervene shall not have the effect of changing or enlarging the issues in the proceeding." 321 U.S. at 494. No such rule is at issue here. Neither case has been cited, let alone adopted, by the Eighth Circuit.

The validity of the CDC Order is squarely in front of this Court because some constitutional claims, like the Plaintiff's, necessarily imply a two-part inquiry which requires a court to answer: (1) whether the government acted within the scope of its enumerated powers under the Constitution; and (2) was the government nonetheless limited by some right. Whether the CDC Order is valid is an inextricable, not collateral, inquiry from the inquiry of whether Plaintiff prevails on the merits and can receive the relief it seeks.

Plaintiff's first cause of action alleges federal preemption under the Supremacy Clause. *See* Doc. 1 at ¶¶ 74-81. The Supremacy Clause grants "supreme" status only to the "*Laws* of the United States." U.S. Const. art. VI, cl. 2 (emphasis added). Before Plaintiff can establish a violation of the Supremacy Clause, it must establish that the CDC Order is a valid regulation, and therefore a law of

6

the United States. Plaintiff's second cause of action alleges a procedural due process violation on the theory that the CDC Order creates "a state-created liberty interest in temporary immunity from any action to remove or cause the removal of a tenant from a residential property." Doc. 1 at ¶ 87, ¶¶ 82-88. The alleged liberty interest Plaintiff is seeking to protect can only exist if the CDC Order is valid. An invalid Order cannot create a "property interest in temporary immunity from evictions for nonpayment of rent." *See* Doc. 34 at 28.

Plaintiff asks this Court to answer the second question of the inquiry in the affirmative—that Defendants' actions are limited by Plaintiff's alleged liberty interest. In doing so, Plaintiff assumes the answer to the first question is also in the affirmative. But assuming the validity of the CDC's Order does not make it so. Proposed Intervenors are asking the Court to resolve the first question—whether the CDC Order was issued within the scope of some enumerated power—which it must do before proceeding to the second question. For this reason, the constitutional avoidance doctrine Plaintiff cites is inapplicable. Plaintiff invited this constitutional inquiry when it filed suit to enforce the CDC's Order in full. Plaintiff can only prevail and receive the relief it seeks if the CDC Order is valid.

### III. PROPOSED INTERVENORS' HAVE A LEGALLY COGNIZABLE INTEREST IN THE SUBJECT MATTER OF THIS LITIGATION THAT WILL BE IMPAIRED UNLESS THEY ARE PERMITTED TO INTERVENE

"A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor … Viewing the complaint holistically, the court should assume the plaintiff will receive the relief it seeks and, from that assumption, assess the sufficiency of the prospective intervenor's motion." *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014). Here, Plaintiff seeks an order from the Court declaring "that Administrative Order No. 2020-154 and its implementation by Defendants violates the Supremacy Clause and Fourteenth Amendment to the United States Constitution as well as federal

7

law" and a "permanent injunction[] prohibiting violation of the CDC's nationwide eviction moratorium or Plaintiff's right to due process." Doc. 1 at 25. Under *Nat'l Parks*, the Court must assume that Plaintiff will receive this relief and assess the sufficiency of Proposed Intervenors' motion based on that relief.

Plaintiff makes much of Proposed Intervenors' argument that the CDC Order is invalid claiming that because it is challenging Defendants' Administrative Order, not the CDC Order, that this litigation will not provide the relief Proposed Intervenors seek. But Plaintiff misunderstands why Proposed Intervenors moved to intervene and confuses its arguments against the merits of Plaintiff's claims, *i.e.*, that the CDC Order is invalid and Plaintiff cannot be granted the relief it seeks because the Order is invalid, with the legally cognizable interests Proposed Intervenors are protecting through intervention.

First, Proposed Intervenors have a legally cognizable interest in their constitutional right to access the courts. That right is grounded in Article IV's Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth and Fourteenth Amendment Due Process Clauses, and the Fourteenth Amendment's Equal Protection Clause. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). Regardless of the specific source, citizens have a fundamental right of "access to the courts." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *accord Christopher*, 536 US. at 414. By seeking a permanent injunction prohibiting Defendants from violating the CDC Order, which Plaintiff broadly asserts means "all stages of an eviction action," *see* Doc. 1 at ¶ 34, Plaintiff effectively asks this Court to end Proposed Intervenors' constitutional right to access the courts. The court is without power to issue such an order. *See Donald J. Trump for President, Inc. v. Boockvar*, No. 4:20-CV-02078, 2020 WL 6821992, at *13 (M.D. Pa. Nov. 21, 2020) ("It is not in the power of this Court to violate the Constitution.") (citing *Marbury v. Madison*, 5 U.S. 137, 147, 1 Cranch 137, 2 L. Ed. 60 (1803)).

8

Second, Plaintiff tries to frame Proposed Intervenors' interests as merely an economic interest in being paid rent, *see* Doc. 61 at 8, but ignores the fact that Proposed Intervenors have a direct, substantial, and legally protectable interest in their unique real property, which includes possession of the property itself not just rental receipts that can be derived from the property. *See, e.g., BHA, Inc. v. NPS*, 777 F. Supp. 2d 424, 435 (E.D.N.Y.2011) ("[U]nauthorized interference with a real property interest constitutes irreparable harm as a matter of law, given that a piece of property is considered to be a unique commodity for which a monetary remedy for injury is an inherently inadequate substitute."). Regardless, "[w]hen a third party files suit to compel governmental agency action that would directly harm a regulated [party], the [party's] economic interests in the lawsuit satisfy Rule 24(a)(2)'s recognized-interest requirement." *Nat'l Parks Conservation Ass'n*, 759 F.3d at 976 (permitting intervention when the movant's property and financial interests were "the ultimate target" of the litigation because plaintiffs were seeking to compel regulation affecting that property).

Plaintiff's remaining arguments are without merit. Proposed Intervenors will not "have what they want," *see* Doc. 61 at 9, because if Plaintiff prevails, the CDC Order will be applied by way of permanent injunction and they will be denied all access to the court. *See Nat'l Parks Conservation Ass'n*, 759 F.3d at 973. Proposed Intervenors' interests are not adequately protected or represented by Defendants, no matter how vigorous they may appear to maintain the status quo of operating under their Administrative Order. Nor will a breach of contract claim cure Proposed Intervenors' injury if Plaintiff prevails and is granted the relief it seeks, because Proposed Intervenors' harm is not merely economic, it is also the constitutional injury of being denied their fundamental right to access the courts and being denied possession of their unique property. For similar reasons filing a separate lawsuit in this district challenging the validity of the CDC Order is futile if Plaintiff prevails here.

9

Proposed Intervenors would have no method of seeking recourse from an injunction that halts all stages of eviction actions, despite being harmed by such an order.

Proposed Intervenors are entitled to intervene as of right and this Court should grant their motion to intervene.

IV. **IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION UNDER RULE 24(b)(1)(B)**

Again, Plaintiff misunderstands Proposed Intervenors' arguments and interests in this matter. The validity of the CDC Order shares a common question of law and fact with Plaintiff's claims because the validity of the CDC Order is part and parcel of Plaintiff's claim on the merits and the relief it seeks. *See supra* § II. That all the parties assume the validity of the CDC Order does not make the Order lawful. Because this Court cannot rule on the merits of Plaintiff's claim without answering the two-part inquiry, the first of which requires a determination that the CDC Order is valid, permitting intervention will not unduly prejudice the parties by adding complexity or unnecessary claims to this matter. Proposed Intervenors do not dispute that there may be some delay related to whether the United States decides to intervene, but such a delay does not warrant denial of their motion to intervene. *Cf. Union Elec. Co.*, 64 F.3d at 1159.

Plaintiff's argument that intervention by Proposed Intervenors requires joinder of Proposed Intervenors' tenants under Fed. R. Civ. P 19(a)(1) is without merit. If intervention by Proposed Intervenors requires joinder of their tenants, then the inverse is also true and Plaintiff has failed to join necessary parties under Rule 19(a)(1)—the landlords of their members.

## CONCLUSION

Proposed Intervenors satisfy the standards to intervene as of right under Federal Rule of Civil Procedure 24(a) and/or to warrant permissive intervention under Rule 24(b), and the Court should grant Proposed Intervenors' Motion to Intervene.

10

Dated: November 25, 2020

                                              Respectfully submitted,

                                              */s/ Kara Rollins*
                                              Kara Rollins
                                              Litigation Counsel
                                              *Appearing pro hac vice*
                                              Markham S. Chenoweth
                                              Executive Director & General Counsel
                                              W.D. Mo. Bar No. KS-001129
                                              New Civil Liberties Alliance
                                              1225 19th St. NW, Suite 450
                                              Washington, DC 20036
                                              Kara.Rollins@ncla.legal
                                              (202) 869-5210
                                              *Counsel for Proposed Intervenors-Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

        Respectfully,

        */s/ Kara Rollins*
        Kara Rollins
        Litigation Counsel
        *Appearing pro hac vice*
        New Civil Liberties Alliance
        1225 19th St. NW, Suite 450
        Washington, DC 20036
        Kara.Rollins@ncla.legal
        (202) 869-5210
        *Counsel for Proposed Intervenors-Defendants*