IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KC Tenants,

    Plaintiff,

v.

David M. Byrn, et al.,

    Defendants.

Case No. 20-000784-CV-W-HFS

**ORDER**

Proposed intervenors, Hella Shriver, James Gorham and the National Association of Residential Property Managers, have filed a motion to intervene in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2), or, alternatively, by permission pursuant to Fed.R.Civ.P. 24(b)(1)(B). They also sought leave to participate in the upcoming oral argument. The latter relief sought was denied (Doc. 45), and for reasons stated below, intervention is also now hereby denied.

1

Underlying Action

Plaintiff, KCTenants, is a Missouri nonprofit organization led by and comprised of tenants in Kansas City, Missouri. (Complaint: ¶ 2). Plaintiff commenced this action seeking declaratory and injunctive relief in its challenge of Administrative Order No. 2020-154 ("the Order") issued by the 16th Judicial Circuit Court for Jackson County, Missouri. (Id: ¶ 1). Specifically, plaintiff complains that the Order impermissibly overrides the CDC Moratorium which, in order to prevent the further spread of COVID-19, granted temporary immunity from eviction of tenants from residential properties for nonpayment of rent where the tenant has submitted a Declaration Form under penalty of perjury and meets certain eligibility requirements during the period of September 4, 2020 through December 31, 2020.

Plaintiff contends that as written, the Administrative Order permits landlords to file and pursue eviction actions regardless of whether a Declaration attesting to inability to pay rent has been submitted, thereby allowing landlords to contest the Declaration by submitting a Verification to the court. Plaintiff claims that this directly conflicts with the express provisions of the Moratorium and is an obstacle to the full purposes and stated objectives of the Moratorium,

resulting in the deprivation of their right to temporary immunity from eviction actions for nonpayment of rent.

Plaintiff seeks injunctive relief to stop the alleged ongoing, irreparable harm that it has experienced and will continue to experience because of the Administrative Order. (Doc. 25).

In opposition (Doc.43), defendants argue that the CDC Moratorium does not prohibit the procedures outlined in the Administrative Order permitting landlords access to the court. Defendants point to the relevant provision of the Administrative Order that allows a landlord seeking the removal of a person from a residential property for nonpayment of rent to file a Verification with the court verifying either (a) that the person against whom eviction is sought has not provided the landlord with an executed copy of the Declaration (or a similar declaration); or (b) that the landlord is pursuing eviction on grounds not precluded by the CDC Moratorium. (Doc. 1-4, pgs. 2-3). In the event the landlord wishes to challenge the accuracy or veracity of information provided by a tenant in an executed Declaration, the Administrative Order allows the landlord to request an evidentiary hearing. Defendants further argue that, contrary to plaintiff's contention, the CDC's Moratorium and Statement of Interest, by its

3

plain language, does not preclude the actions permitted by the Administrative Order.

After careful review of the pleadings and oral argument, I determined that federal court intervention in this matter would be extraordinary, and plaintiff's motion for preliminary injunction was denied. (Doc. 63).

Intervention

Proposed Intervenors claim that plaintiff improperly requests that an order be entered (invalidating the Administrative Order), thereby permitting the CDC's Moratorium to be enforced. (Doc. 37-1; Supporting Suggestions: pg. 10). Proposed Intervenors argue that, if granted, they would be stripped of their fundamental constitutional right of access to courts. (Id). They further argue that, fundamentally, the CDC Moratorium is "an invalid exercise of CDC's limited authority and is void," and they seek leave to intervene in this case and to participate in the preliminary injunction proceedings. Proposed Intervenors contend that intervention is proper because they have: (1) standing; (2) intervention as of right; and (3) intervention by permission.

**A. Standing**

Rule 24(a) says nothing about standing, (and neither plaintiff nor

defendants address this issue National Parks Conservation Association v. United States Environmental Protection Agency, 2013 WL 12074954 (D.Minn.); citing, Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 2003); nonetheless, the Eighth Circuit requires that prospective intervenors under Rule 24(a) have independent Article III standing to litigate their matters in federal court. United States v. Metropolitan St. Louis Sewer Dist., 569 F.3d 829, 833–34 (8th Cir. 2009) ("In our circuit, a party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24(a)"); Mausolf, 85 F.3d at 1300 ("In our view, an Article III case or controversy, once joined by intervenors who lack standing is—put bluntly—no longer an Article III case or controversy"); Planned Parenthood of Mid–Mo. & Eastern Kan., Inc. v. Ehlman, 137 F.3d 573, 577 (8th Cir. 1998) ("Therefore, an intervenor must satisfy both the requirements of Rule 24 and possess standing.")

The standing inquiry requires the litigant to (1) have suffered an injury in fact, (2) establish a causal connection between the injury and the challenged action, and (3) show that the injury would be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007).

5

An alleged injury must be "concrete, particularized, and either actual or imminent." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (internal quotation marks omitted). "The law recognizes economic, non-economic, and indirect economic injuries, for standing purposes." *Animal Prot. Inst. v. Merriam,* 242 F.R.D. 524, 527 (D. Minn. 2006). A prospective intervening defendant may establish an imminent injury sufficient for the purpose of standing by demonstrating that the remedies sought by the plaintiff, if granted, would threaten the prospective intervenor's interests. *South Dakota v. Ubbelohde,* 330 F.3d 1014, 1025 (8th Cir. 2003) (concluding that "[s]uccess by [the plaintiff] in the whole litigation would impair the proposed intervenors' interests," and reversing the district court's denials of the motions to intervene).

Because proposed intervenors claim economic injury, due to non-payment of rent, they allege a sufficient injury.

As to the traceability requirement, if I were to conclude that the Administrative Order is either preempted by federal law or unconstitutional, defendants would be compelled to refrain from enforcing the Order and the proposed intervenors would suffer the injuries alleged. *Am. Civil Liberties Union of*

*Minn. v. Tarek ibn Ziyad Acad.,* 643 F.3d 1088, 1093 (8th Cir. 2011). Therefore, they satisfy the causation requirement of standing.

As to redressability, if I determine that the actions permitted by landlords in the Administrative Order are permissible, then the proposed intervenors would not suffer the injuries alleged, thereby satisfying the redressability element of standing.

In sum, because the proposed intervenors have demonstrated an injury in fact, causation, and redressability, they have met their burden of demonstrating Article III standing. *See Lujan,* 504 U.S. at 560–61, 112 S.Ct. 2130; *accord Mineta,* 495 F.3d at 569.

### B. Rule 24(a)—Intervention as a Matter of Right

Upon the proposed intervenors demonstration of Article III standing, the merits of their motion to intervene under Rule 24(a) will now be considered. Mausolf, 85 F.3d, at 1301(established that those wishing to intervene in federal court must have Article III standing); Curry v. Regents of University of Minnesota, 167 F.3d 420, 422 (8th Cir. 1999). Intervention as of right will be permitted to a proposed intervenor who: "(1) files a timely motion to intervene; (2) claims an

7

interest relating to the property or transaction that is the subject of the action; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest[1]; and (4) is not adequately represented by the existing parties." *Nat'l Parks Conservation Ass'n v. U. S. Env't Prot. Agency,* 759 F.3d 969, 975 (8th Cir. 2014) (internal quotation marks omitted).

Timeliness of a motion to intervene is a threshold issue. Whether a motion to intervene is timely is based on the following factors: [ (1) ] how far the litigation has progressed at the time of the motion for intervention, [ (2) ] the prospective intervenor's prior knowledge of the pending action, [ (3) ] the reason for the delay in seeking intervention, and [ (4) ] the likelihood of prejudice to the parties in the action. United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 831 (8th Cir. 2010); Minnesota Milk Producers Ass'n v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998).

The main point of contention among the parties is the issue of timeliness. Without rehashing the various arguments submitted, I find that the relevant

---

[1] As a practical matter, due to the fairly short period of time left, any impairment to the rights of landlords in the submission of applications to commence eviction proceedings is limited.

dispute under the timeliness factor is whether the parties would be prejudiced by the intervention of the proposed intervenors.

Allowing the Proposed Intervenors permission to intervene would greatly expand the scope of this lawsuit into areas not contemplated by the existing parties. As argued, the Proposed Intervenors "fundamentally" want to attack the validity of the CDC Moratorium which they claim "is an invalid exercise of the CDC's limited authority and is void," and it deprives them "of their constitutional rights." (Doc. 37-1: Suggestions in Support of Intervention, pg. 6). And, they intend to "question the validity of the moratorium" from their position as housing providers and property managers who have been uniquely harmed by the CDC Order. (Id: pg. 15). This argument is repeated in their opposition to injunctive relief for plaintiff. (Doc. 37-8). Achieving these litigation objectives would radically recast the present lawsuit, which would undoubtedly trigger delay in light of the narrow issues the parties have asked the District Court to decide on preliminary injunction. There may be a time and place for such arguments down the road in an administrative proceeding, but this lawsuit is not the appropriate vehicle. Ritchie, at 834. While intervention is often desirable, "the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." Id; quoting, Mausolf, 85 F.3d, at 1301.

9

A would-be intervenor under Rule 24(a) must also establish: (1) a recognized and sufficient interest in the subject matter of the litigation; (2) that might be impaired by the disposition of the case; and (3) that its interest will not be adequately protected by the existing parties. Curry v. Regents of University of Minnesota, 167 F.3d 420, 422-23 (8th Cir. 1999). In addition to the proposed intervenors' failure to meet its burden as to timeliness, they also fail to demonstrate that they have a recognized and sufficient interest. Their stated economic interest – receipt of rental payments – does not rise to the level of a legally protectable interest necessary for mandatory intervention. Id; citing, Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)(an economic stake in the outcome of an action is not sufficient to demonstrate a significantly protectable interest. Further, the proposed intervenors fail to show that defendants will inadequately represent their interests. Although the motives of the proposed intervenors may be distinguishable from defendants, their interests are the same – both want injunctive relief denied to plaintiff and enforcement of the Administrative Order. Curry, at 423.

In sum, although the proposed intervenors have established Article III standing to participate in this litigation, they have failed to satisfy Rule 24(a)'s requirements – namely, the absence of prejudice to the parties considering the

narrow scope of the current dispute; lack of a significant protectable interest; and inadequacy of defendants' representation.

### C. Rule 24(b)—Permissive Intervention

Rule 24(b) provides that on a timely motion a court may permit anyone to intervene who has "a claim or defense that shares with the main action a common question of law or fact." The decision to grant or deny a motion for permissive intervention is wholly discretionary, and reversal of a decision denying permissive intervention is extremely rare, bordering on non-existent. South Dakota ex rel. Barnett v. United States Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003).

Therefore, in deciding whether to grant permissive intervention, the court considers: (1) whether the motion to intervene is timely; (2) whether the applicant's claim or defense shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights. Curry, at 423. Whether the permissive intervention will cause "undue delay" or "prejudice the adjudication of the original parties' rights" is "the principle consideration in ruling on a Rule 24(b) motion." Barnett, at 787.

The Proposed Intervenors state that while the Administrative Order permits those with a legal right to pursue eviction or a possessory action who have been provided a Declaration Form pursuant to the CDC Moratorium to request an evidentiary hearing to dispute information provided in the Declaration Form; in circumstances where the CDC Moratorium is deemed to apply and the tenant is a "covered person" the Administrative Order still precludes those with a legal right to pursue eviction or a possessory action interest from receiving full relief under the law. (Doc. 37-1, pg. 7).

In deciding whether permissive intervention would result in undue delay, the court is ultimately guided by Fed.R.Civ.P. 1 which requires the court to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action and proceeding." Conservation Northwest v. United States Forest Serv., 2005 WL 1806364 *2 (E.D.Wash.). As acknowledged by the Proposed Intervenors in this case, their attempt to inject argument as to the constitutionality of the CDC Moratorium, would further delay the proceedings resulting in prejudice to the parties' dispute on the question of enforcement of the Administrative Order.

Accordingly, the motion to intervene (Doc. 37) is DENIED.

s/ HOWARD F. SACHS
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

November 30, 2020

Kansas City, Missouri